**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. EUGENE CECIL BURNETT, Defendant. | No. 11-CR-85-LRR **ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Eugene Cecil Burnett's Objections (docket no. 82) to Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 73), which recommends that the court grant the government's motion for a preliminary order of forfeiture.

## II. RELEVANT PROCEDURAL HISTORY

On April 20, 2011, a grand jury returned an Indictment (docket no. 3) against Defendant. Count 1 of the Indictment charges Defendant with conspiring to manufacture and attempt to manufacture 1,000 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The Indictment also includes a forfeiture allegation. On June 6, 2011, Defendant pled guilty to conspiracy to manufacture and attempt to manufacture 100 or more marijuana plants, a lesser included offense of Count 1. On June 8, 2011, the court issued an Order (docket no. 46) accepting Defendant's guilty plea.

On June 21, 2011, the government filed a "Motion for Hearing to Determine Property Subject to Preliminary Order of Forfeiture" ("Motion") (docket no. 52). On August 8, 2011, Judge Scoles held a hearing on the Motion. Assistant United States Attorneys Martin J. McLaughlin and Matthew J. Cole represented the government.

Defendant appeared in court with his attorney, Michael K. Lahammer. On August 30, 2011, Judge Scoles issued the Report and Recommendation, which recommends that the court grant the government's motion for a preliminary order of forfeiture. On September 23, 2011, Defendant filed his Objections. On October 3, 2011, the government filed a Response (docket no. 86). The Objections and Report and Recommendation are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

### IV. ANALYSIS

Under the Controlled Substances Act, 21 U.S.C. § 853, a person convicted of a drug offense "shall forfeit to the United States . . . (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] (2) any of the person's property used, or intended to be used, in any matter

2

or part, to commit, or to facilitate the commission of, such violation . . . ." 21 U.S.C. § 853(a). Thus, under the statute, a defendant forfeits property that represents the proceeds of his or her illegal drug activity (the "proceeds prong") and property used to facilitate the illegal drug activity (the "facilitation prong"). *United States v. Van Nguyen*, 602 F.3d 886, 903 (8th Cir. 2010). "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). The burden is on the government to prove by a preponderance of the evidence that the property in question either represents the proceeds of or was used to facilitate the illegal drug activity. *Van Nguyen*, 602 F.3d at 903; *United States v. Bieri*, 21 F.3d 819, 822 (8th Cir. 1994).

In this case, the issue is whether the marijuana-growing operation began on Defendant's farm in Kentucky. If the grow operation began on Defendant's farm, as the government contends, then Defendant's interest in the farm is subject to forfeiture under the facilitation prong. *See United States v. Myers*, 21 F.3d 826, 827-28, 830 (8th Cir. 1994) (noting that the district court had found that "there was a close connection between the forfeited property and the marijuana-growing operation" where the defendant had grown marijuana in his barn). If, however, the marijuana-growing operation began somewhere other than Defendant's farm, then the requisite nexus between the property and the illegal drug activity does not exist, and, thus, the farm would not be subject to forfeiture.

The court first notes that, at the hearing, Defendant was apparently arguing that he and his co-conspirators began the marijuana-growing operation in Iowa. *See, e.g.*, Tr. (docket no. 79) at 85. In the Report and Recommendation, Judge Scoles found that the testimony and physical evidence—for example, the condition of the plants—was more consistent with the government's theory that Defendant and his co-conspirators began the

3

marijuana-growing operation in Defendant's garage on his farm in Kentucky and then transported the plants to Iowa. Report and Recommendation at 11. The court agrees with Judge Scoles's thorough analysis of the facts and his conclusion that the marijuana-growing operation began in Kentucky. In his Objections to Judge Scoles's Report and Recommendation, however, Defendant seems to have adopted two alternative theories: (1) the grow operation began in Iowa or (2) the grow operation began somewhere in Kentucky, but not on Defendant's farm. *See* Objections at 3. Regardless of Defendant's theory, the court finds that the government has proved by a preponderance of the evidence that Defendant and his co-conspirators began to manufacture marijuana on Defendant's farm.

At the hearing, Criswell testified that the grow operation began "in an end room on a garage bay" on Defendant's farm. Tr. at 10. Criswell testified in great detail about helping Defendant modify Styrofoam trays to accommodate marijuana plants using Defendant's handheld "jigsaw" at Defendant's farm, Tr. at 46-47; planting seeds in the trays, Tr. at 10; being responsible for watering the plants in Defendant's garage, Tr. at 12, 37-38; waiting four or five weeks for the plants to reach ten to twelve inches, Tr. at 8, 12; modifying a U-Haul to accommodate all the plants, Tr. at 21; and then loading the plants into the U-Haul with Defendant and Defendant's sons, Tr. at 20-21. In addition to Criswell's detailed testimony, the court finds that he has no motive to lie. Defendant's speculative or conclusory arguments regarding where the marijuana-growing operation could have started, *see* Objections at 3, are not supported by the evidence, which tends to show that Defendant, Criswell, Kelly Burnett and possibly others began manufacturing marijuana in Defendant's garage on his farm in Kentucky. The court, therefore, finds that Criswell presented credible testimony at the hearing.

The court's finding is unaffected by Defendant's witnesses. At the hearing, Defendant presented five witnesses who all testified that they had been on Defendant's

farm, including in the particular garage bay identified by Criswell as the grow site, and that they had seen no evidence of marijuana growing anywhere on the property. The court first notes that all of these witnesses also testified that they were surprised when they learned of Defendant's involvement in this large-scale marijuana-growing operation. *See* Tr. at 99, 110-11, 122, 127, 139. Defendant was clearly capable of hiding his illicit drug activities from his family and friends. Furthermore, as noted above, Criswell has no motive to implicate Defendant's property. Defendant's witnesses, on the other hand, included his brother, in-laws and friends. In light of their relationship to Defendant, the court finds that Criswell is a more credible witness on this issue than Defendant's witnesses.

## *V. CONCLUSION*

In light of the foregoing, the court finds that the government has proved by a preponderance of the evidence that Defendant's farm was used in the marijuana-manufacturing conspiracy. Under the facilitation prong of 21 U.S.C. § 853, Defendant's interest in the farm in Kentucky is subject to forfeiture. Therefore, the court **ORDERS**:

(1) Defendant's Objections (docket no. 82) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 73) is **ADOPTED**; and

(3) The Motion (docket no. 52) is **GRANTED**.

**DATED** this 11th day of October, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA